UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT M. RHODES,

     Plaintiff,

                              Case No. 25-13863

v.

                              HON. DENISE PAGE HOOD

CITY OF DEARBORN, et al.,

     Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY PROCEEDINGS FOR 90 DAYS (ECF No. 25) AND RESETTING HEARING DATE

This matter is before the Court on Plaintiff Scott M. Rhodes' Motion to Stay Proceedings for 90 Days. (ECF No. 25)  A response was filed opposing the motion and presenting an alternative option instead of a 90-day stay.  (ECF No. 26)

On December 1, 2025, Rhodes filed the instant Complaint against Defendants City of Dearborn and the Dearborn Police and Fire Revised Retirement System. (ECF No. 1)  Defendant City of Dearborn filed a Moton to Dismiss on January 8, 2026 (ECF No. 11), with a response filed by Rhodes on January 29, 2026 (ECF No. 19).  On March 6, 2026, Defendant Dearborn Police and Fire Revised Retirement System filed a Motion for Judgment on the Pleadings and/or for Summary Judgment. (ECF No. 21)  No response has yet been filed on this motion, and the 21-day period

to file such has passed as required by E.D. Mich. LR 7.1(e)(2)(A). Rhodes filed a Motion to Stay Proceedings for 90 Days on March 31, 2026, which was after the 21-day period to file a response to the motion.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627–28 (6th Cir. 2014). The most important factor is the balance of the hardships, but "[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers v. AT & T Network Sys.*, 879 F.2d 864 (6th Cir. 1989).

Rhods is proceeding *pro se*. *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the Supreme Court has "never suggested procedural rules

in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). Indeed, a *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984). Courts have refused to excuse *pro se* litigants who failed to follow basic procedural requirements such as meeting "readily comprehended" court filing deadlines. *E.g., Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991); *Eglinton v. Loyer,* 340 F.3d 331, 335 (6th Cir.2003). Likewise, courts have also refused to grant special or preferential treatment to *pro se* parties in responding to summary judgment motions. *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir.1988).

Rhodes asserts he is suffering from PTSD and needs time to obtain counsel. However, it is Rhodes who filed the instant action *pro se*, along with the other actions without counsel as noted by both Defendants, and despite his asserted medical issues. Rhodes appears to have been able to litigate his claims both in federal and state courts over the years without counsel. At one point, Rhodes was represented by counsel but later chose to proceed without counsel. Although the time to file a response has passed, in light of the alternative option presented by the defense, the Court will allow a brief stay in this matter pending Rhodes' attempts to obtain counsel and to stabilize his asserted medical issues.

Accordingly,

IT IS ORDERED that Plaintiff Scott M. Rhodes' Motion to Stay Proceedings for 90 Days **(ECF No. 25)** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that this matter is STAYED for 30 days from the date of this Order for Plaintiff to obtain counsel.

IT IS FURTHER ORDERED that any counsel on behalf of Plaintiff must file an appearance **no later than May 22, 2026**.  A response to the Motion for Judgment must thereafter be filed (either by counsel or Plaintiff if no appearance is filed by that date) **no later than June 15, 2026**.

IT IS FURTHER ORDERED that the hearing on Motion to Dismiss (ECF No. 11) and the Motion for Judgment and/or Summary Judgment Pursuant to Fed. R. Civ. P. 56 (ECF No. 21) are RESCHEDULED to **July 8, 2026, 3:00 p.m**.  NO FURTHER ADJOURNMENTS will be considered absent good cause.

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:  April 21, 2026

4